# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### CEDAR RAPIDS DIVISION

TARA MARIE MORROW,

              Movant,

vs.

UNITED STATES OF AMERICA.

No. C12-0053-LRR
No. CR05-0014-LRR

ORDER

      This matter appears before the court on Tara Marie Morrow's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (docket no. 1) and motion to appoint counsel (docket no. 2). Tara Marie Morrow ("the movant") filed both motions on June 11, 2012. Additionally, the movant filed a supplement (docket no. 3) on June 12, 2012. The court did not direct the government to respond to any of the movant's pleadings.

      The movant previously sought relief under 28 U.S.C. § 2255, and, before filing the instant action, the movant did not move the Eighth Circuit Court of Appeals for authorization allowing the court to file and consider a second 28 U.S.C. § 2255 motion. 28 U.S.C. § 2244(b)(3)(A) provides:

> Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

"This rule is absolute." *Boykin v. United States*, 2000 U.S. App. LEXIS 27076 at *1-3, 2000 WL 1610732 at *1 (8th Cir. 2000) (per curiam unpublished opinion) (vacating judgment regarding 28 U.S.C. § 2255 motion and remanding case to district court to dismiss for lack of jurisdiction). *Cf. Felker v. Turpin*, 518 U.S. 651, 662, 116 S. Ct. 2333, 135 L. Ed. 2d 827 (1996) (discussing 28 U.S.C. § 2244(b)); *Vancleave v. Norris*,

150 F.3d 926, 927-28 (8th Cir. 1998) (same).   Accordingly, the movant's instant 28 U.S.C. § 2255 motion shall be dismissed.   Additionally, the movant's motion to appoint counsel shall be denied as moot.[1]

**IT IS THEREFORE ORDERED**:

The movant's 28 U.S.C. § 2255 motion (docket no. 1) is DISMISSED and the movant's motion to appoint counsel (docket no. 2) is DENIED as moot.

**DATED** this 13th day of June, 2012.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA

---

[1] The court notes that the movant mistakenly believes that she should again be able to challenge her conviction and sentence because an amended judgment entered against her on September 30, 2011. *See United States v. Hughes*, 169 F. App'x 131, 134 (3d Cir. 2006) (observing that a court's decision to grant a sentence reduction under Rule 35(b) did not reopen any other aspect of the original sentence).   With respect to the movant's conviction and original sentence of 240 months imprisonment, judgment entered against her on December 6, 2005.   The court subsequently relied on Federal Rule of Criminal Procedure 35(b) to reduce her sentence to 180 months imprisonment.   To the extent that the movant is complaining about counsel's conduct with respect to Rule 35(b) proceedings, such complaint is unavailing. *See Scott v. United States*, 473 F.3d 1262, 1264 (8th Cir. 2007) (concluding that there is no right to counsel under the Sixth Amendment in a Rule 35(b) appeal); *see also United States v. Taylor*, 414 F.3d 528, 536 (4th Cir. 2005) (explaining that a defendant has no federal constitutional right to counsel when the government makes a motion which can only benefit him by reducing his already final sentence"); *United States v. Palomo*, 80 F.3d 138, 140-42 (5th Cir. 1996) (concluding that there is no constitutional right to counsel at Rule 35(b) hearing).